NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2770-13T1

EWING OIL, INC.,

    Plaintiff-Respondent,

v.

JOHN T. BURNETT, INC., HENRY A.
JACKSON and C&H TIRE SERVICE
CENTER, INC.,

    Defendants,

and

ESTATE OF JOHN T. BURNETT,[1]

    Defendant-Appellant.

---

**APPROVED FOR PUBLICATION**

**June 19, 2015**

**APPELLATE DIVISION**

---

Submitted March 16, 2015 – Decided June 19, 2015

Before Judges Lihotz, St. John and Rothstadt.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DJ-154160-12.

Blumberg & Rosenberg, P.A., attorneys for appellant (Henry A. Loeb, on the briefs).

---

[1]   We have modified the caption to reflect the facts of record.  Specifically, John T. Burnett, an original defendant in this action passed away on August 13, 2012.  His widow, Kathy Burnett, was appointed executrix of his estate on April 24, 2013.  The Estate moved to vacate a foreign judgment entered by confession against John T. Burnett on December 6, 2013.

Duane Morris, LLP, attorneys for respondent (Christopher L. Soriano, of counsel and on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

This matter examines the enforceability of a sister-state judgment entered pursuant to a cognovit provision contained in a guaranty agreement against individual guarantors of a corporate debt. Plaintiff, Ewing Oil Co., Inc., a Maryland Corporation, sued John T. Burnett, Inc. (JTB, Inc.), a New Jersey corporation, for payment under a supply agreement. The corporate obligations were unconditionally guaranteed by defendants John T. Burnett, Henry A. Jackson, and C&H Tire Service Center, Inc. (C&H), which collectively operated a retail gasoline service station with JTB, Inc. in Monmouth County.

Summary judgment was entered against JTB, Inc. and plaintiff confessed judgment against the guarantors (Maryland judgment). Thereafter, plaintiff initiated an action in New Jersey to record the Maryland judgment for purposes of seeking its enforcement. New Jersey recorded the judgment by default on July 24, 2012.

Burnett's estate (the Estate), through its executrix, moved to vacate the default judgment against Burnett, pursuant to Rule 4:50-1(d), asserting pre-judgment notice was not waived and the

judgment's domestication in New Jersey violated due process. The Estate also sought to collaterally attack the judgment, maintaining New Jersey had plenary authority to exercise jurisdiction over its enforcement, pursuant to the contract's forum selection clause.

The Law Division denied the motion and the Estate filed this appeal, reasserting its challenges against New Jersey's recognition of the foreign judgment. Following review of the record and applicable law, we reject these arguments and affirm.

These facts are found in the motion record and are not disputed. On March 18, 2009, plaintiff and JTB, Inc. executed a ten-year commercial supply agreement (CSA), in which plaintiff agreed to supply gasoline and other petroleum products to JTB, Inc. Burnett solely owned JTB, Inc., and Jackson solely owned C&H. Together the two were partners in the gas station in Monmouth County.

The CSA included several provisions granting plaintiff security for JTB, Inc.'s payment. Aside from a $20,000 deposit to be applied against any outstanding sums owed, plaintiff was granted a security interest in any products or equipment it provided to or installed on the gas station's premises. With respect to the collateral, plaintiff obtained rights of entry and repossession "in addition to all rights and remedies

available to [plaintiff] as a secured party under the New Jersey Uniform Commercial Code and as are otherwise available to [it] at law or in equity."

The CSA also contained the following forum selection clause:

> This Agreement shall be governed and construed in accordance with the laws of the State of Maryland and the courts of the State of Maryland shall have exclusive jurisdiction over any claims or controversies which arise under this Agreement. However, the courts of the [S]tate of New Jersey shall have jurisdiction in connection with any collection or enforcement action that [plaintiff], at its option, may elect to bring. . . .

Further assurances were included in an accompanying suretyship contract, executed by the individual and corporate guarantors (Guaranty). The scope of the Guaranty was broad and encompassed all amounts due and owing by JTB, Inc. under the CSA for "payments, charges, expenses[,] and costs of every kind and nature" arising out of or from the CSA. The Guaranty was executed on the same day as the CSA.

The Guaranty also contained a cognovit provision, which stated:

> 3. <u>Waiver of Notices, Confession of Judgment, Jurisdiction</u>. Without notice to Guarantor, [plaintiff] may waive or modify any of the terms of the Agreement relating to [JTB, Inc.]'s performance without

discharging or otherwise affecting Guarantor's obligations hereunder. Guarantor waives demand, diligence, presentment, protest[,] and notice of every kind. Guarantor acknowledges that the Agreement is governed by Maryland law and establishes Maryland as the appropriate jurisdiction for any actions arising out of, or relating to, the Agreement. Guarantor also hereby acknowledges, consents[,] and agrees that the provisions of this Guaranty and the rights of all parties mentioned herein shall be governed by the laws of the State of Maryland and interpreted and construed in accordance with such laws, and any court of competent jurisdiction of the State of Maryland shall have jurisdiction in any proceeding instituted to enforce this Guaranty and any objections to venue are hereby waived. However, the courts of the [S]tate of New Jersey may have jurisdiction in connection with any enforcement and/or collection action that [plaintiff], at its sole option, may elect to bring in that state. GUARANTOR FURTHER IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY-AT-LAW OR CLERK OF ANY COURT OF COMPETENT JURISDICTION OF THE STATE OF MARYLAND, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR GUARANTOR IF ANY ACTION BROUGHT AGAINST GUARANTOR ON THIS GUARANTY TO CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR FOR HIS OBLIGATIONS UNDER THIS GUARANTY, INCLUDING COURT COSTS AND REASONABLE ATTORNEYS' FEES.

JTB, Inc. breached its duties and obligations under the CSA. On June 3, 2011, plaintiff issued a notice of default and termination of the CSA to JTB, Inc. and the guarantors. The notice stated $18,205.45 was to be remitted within ten days or plaintiff would "commence pursuit of available legal remedies." Neither JTB, Inc. nor the guarantors made payment. By November

30, 2011, the amount due increased to $225,197.34. Plaintiff commenced an action in the Circuit Court for Washington County, Maryland against JTB, Inc. for the outstanding debt along with attorney's fees.

On December 6, 2011, plaintiff obtained a default judgment against JTB, Inc. for $258,976.94. The Maryland court also entered a judgment by confession against Burnett and the other guarantors on the same day. Personal post-judgment service of the confessed judgment was effectuated on Burnett; its entry was not opposed.

The Maryland judgment was recorded in New Jersey on July 24, 2012, under DJ-154160-12. On August 13, 2012, Burnett passed away. His widow was named executrix. The Estate moved to vacate entry of the foreign judgment pursuant to Rule 4:50-1(d), challenging its validity and enforceability.

Following oral argument, Judge Thomas F. Scully denied the motion, finding the Maryland judgment was entered in accordance with Maryland procedure and law; Burnett had a fair opportunity to challenge the validity of the judgment in Maryland, after its entry, but failed to timely do so; and, in light of the Full Faith and Credit clause, New Jersey's recognition of a foreign judgment, entered pursuant to a valid and enforceable cognovit

provision, did not violate due process. An order was entered on January 29, 2014. This appeal followed.

On appeal, the Estate renews the arguments presented before the Law Division, stating: (1) the absence of pre-judgment notice violates basic due process and cannot be remedied by an opportunity to a post-judgment hearing; (2) pre-judgment notice rights under the cognovit provision of the surety agreement were not voluntarily, intelligently, and knowingly waived; and (3) New Jersey is the only forum with jurisdiction to determine compliance with due process requirements and the enforceability of the confession of judgment clause, thus allowing the Estate to assert available meritorious defenses against its enforcement.

The issues on appeal require legal determinations, subject to our de novo review. In doing so, we do not defer to "'a trial court's interpretation of the law and the legal consequences that flow from established facts.'" Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (brackets omitted) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Whether the Maryland judgment may be registered in New Jersey implicates the Full Faith and Credit clause of the United States Constitution, which mandates "Full Faith and Credit shall

be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The clause requires a foreign judgment "properly entered in accordance with local procedure is entitled to full faith and credit in any other state provided . . . the judgment is not entered in violation of due process of law." Sec. Ben. Life Ins. Co. v. TFS Ins. Agency, Inc., 279 N.J. Super. 419, 424 (App. Div.) (citation and internal quotation marks omitted), certif. denied, 141 N.J. 95 (1995). See N.J.S.A. 2A:49A-27. Thus, any judgment properly executed in a foreign state, which complies with the requirements of the due process clause is entitled to full faith and credit in New Jersey. See In re Triffin, 151 N.J. 510, 524 (1997). On the other hand, a foreign judgment, entered without providing the necessary protections safeguarded by the Fourteenth Amendment of the United States Constitution and the fundamental rights clause of Article 1, paragraph 1 of the New Jersey Constitution, may not be enforced. See generally, Greenberg v. Kimmelman, 99 N.J. 552, 568 (1985) ("[A]rticle 1, paragraph 1, like the [F]ourteenth [A]mendment, seeks to protect against injustice and against the unequal treatment of those who should be treated alike. To this extent, [A]rticle 1 safeguards values like those encompassed by the principles of due process and equal protection.").

When viewed through the prism of due process protections, a foreign judgment will not be entitled to full faith and credit in New Jersey if a defendant can demonstrate the forum state lacked personal or subject matter jurisdiction, Tara Enters., Inc. v. Daribar Mgt. Corp., 369 N.J. Super. 45, 56 (App. Div. 2004), or if a defendant was denied adequate notice and a reasonable opportunity to be heard. Sonntag Reporting Serv., Ltd. v. Ciccarelli, 374 N.J. Super. 533, 538 (App. Div. 2005). "[A]bsent such due process defenses, . . . litigation pursued to judgment in a sister state is conclusive of the rights of the parties in the courts of every state as though adjudicated therein." Ibid. (citing DeGroot, Kalliel, Traint & Conklin, P.C. v. Camarota, 169 N.J. Super. 338, 343 (App. Div. 1979)). See also Arnold, White & Durkee, P.C. v. Gotcha Covered, Inc., 314 N.J. Super. 190, 201 (App. Div.) (stating New Jersey courts are "obliged to recognize a foreign money judgment, unless the defendant demonstrates that the foreign jurisdiction lacked personal jurisdiction of defendant, the judgment was obtained by fraud[,] or was entered contrary to due process"), certif. denied, 157 N.J. 543 (1998).

Although confessed judgments are viewed with "judicial distaste" in New Jersey, Ledden v. Ehnes, 22 N.J. 501, 510 (1956), constitutional and public policy challenges against

their enforcement have been advanced and found legally untenable. See United Pac. Ins. Co. v. Estate of Lamanna, 181 N.J. Super. 149, 155-56 (Law Div. 1981) ("New Jersey courts have long recognized foreign judgments by confession and have held that they are entitled to full faith and credit. . . . No public policy [in New Jersey] denies recognition to a foreign judgment by confession."). Rather, the law is clear: "Entry of judgment based upon a warrant to confess judgment does not . . . necessarily offend due process, as long as the due process requirements of reasonable notice and opportunity to be heard are knowingly and voluntarily waived." Tara Enters., supra, 369 N.J. Super. at 56 (citing Lamanna, supra, 181 N.J. Super. at 156). See also D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 187, 92 S. Ct. 775, 783, 31 L. Ed. 2d 124, 135 (1972) (holding confessed judgments are "not, [per se], violative of the Fourteenth Amendment due process" protections, as reasonable notice and opportunity to be heard could be waived).

Maryland Court Rule 2-611 governs confessed judgments in that state. The rule provides such judgments "may be entered by the circuit court clerk upon the filing of a complaint accompanied by the original or a copy of the instrument authorizing the confessed judgment and an affidavit specifying

the amount due and stating the address of the defendant." Schlossberg v. Citizens Bank, 341 Md. 650, 655-56 (1996).

> Upon entry of a judgment by confession, the clerk is required to notify the defendant of the entry of judgment and of the deadline for filing a motion to "open, modify or vacate" the judgment. Md. Rule 2-611(b).
>
> If the defendant so moves, the circuit court must determine whether there is a "substantial and sufficient basis for an actual controversy as to the merits of the action." Md. Rule 2-611(d). In other words, the court must determine whether the defendant has a potentially meritorious defense to the confessed judgment complaint. The court does not, however, decide the merits of the controversy at this stage. [PAUL V. NIEMEYER AND LINDA M. SCHUETT, Maryland Rules Commentary 466 (4th ed. 2014)]. If the court finds that a basis for a defense exists, the rule requires the court to order that the confessed judgment be opened, modified, or vacated so that the defendant can file a responsive pleading to the plaintiff's complaint and the merits can be determined. Md. Rule 2-611(d).
>
> [Id. at 656.]

Applications to open, modify, or vacate entry of default must be filed within sixty days of service. See Md. Rule 2-611(d) & 2-321(b)(1) ("A defendant who is served with an original pleading outside of the State [of Maryland] but within the United States shall file an answer within [sixty] days after being served.").

Further, Maryland law does not presuppose a waiver is valid. In fact, Maryland Rule 2-611(b) requires the trial court

to determine, among other things, "the pleadings and papers demonstrate a factual and legal basis for entitlement to a confessed judgment."

In this matter, the Estate suggests the motion judge erred in concluding plaintiff fully complied with Maryland procedures in entering its judgment against Burnett. However, the Estate does not dispute the same complaint contained separate requests for judgment against JTB, Inc. and to confess judgment against the guarantors. The pleading appended all documentation necessary to identify the rights and responsibilities of the respective parties. Plaintiff filed and served its complaint against JTB, Inc. and the other defendants; no response or objection was filed. Once judgment was entered against the corporation, plaintiff was free to request relief against the guarantors.

The Estate also suggests Burnett's waiver of pre-judgment notice contained in the Guaranty was uncounseled and, therefore, uninformed. We cannot agree.

There is no statement of personal knowledge by the executrix stating whether Burnett consulted with legal counsel prior to executing the CSA or Guaranty. Plaintiff certified JTB, Inc. defaulted under the CSA and provided the documents supporting entry of judgment against it. JTB, Inc. never

12

challenged the action or the relief sought. Proof of the Guaranty and its execution by Burnett was also provided to support judgment under the cognovit provision.

Moreover, the Guaranty is clearly written and its waiver provisions are boldly identified, as is the confession of judgment clause. Importantly, plaintiff's action was based on the Guaranty, not the terms of its CSA with JTB, Inc. See Tara Enters., supra, 369 N.J. Super. at 59 (holding a guarantee of a note that contains a cognovit provision alone is insufficient to permit confession of judgment against the guarantors). Further, the provision contains a succinct statement that Maryland law governs enforcement and that any attorney so appointed may enter judgment against the guarantors.

Maryland law provides:

> an evidentiary hearing to determine whether [the] defendant's waiver was voluntarily, knowingly, and intelligently made before a confessed judgment may be entered by the court. Rather, the burden is on [the] defendant in its motion to vacate and in any hearing thereon to set forth fully the evidence showing either that the alleged amount owed had no basis in fact (e.g., was miscalculated) or that the agreement was not knowingly and voluntarily entered.
>
> [Atl. Leasing & Fin., Inc. v. IPM Tech., Inc., 885 F.2d 188, 193 (4th Cir. 1989).]

The Estate has failed to meet this burden. After reviewing all the documents and considering the executor's certification,

we find no support for concluding Burnett's execution of the Guaranty was involuntary or unknowing.

We also reject the Estate's due process challenge. The Maryland judgment was entered and plaintiff served Burnett, individually, as mandated by Maryland Rule 2-611(a). The post-judgment process affords additional notice and an opportunity to challenge the confessed judgment's validity within sixty days of its entry. This fully complies with the rigors of due process. See Tara Enters., supra, 369 N.J. Super. at 56 (recognizing "[i]n certain contexts . . . a post-judgment hearing may afford the requisite due process"). Despite the availability of a constitutionally valid post-judgment procedure to challenge entry of the judgment in Maryland, which could include whether Burnett's waiver was knowing and voluntary, Burnett did not act within the permitted sixty-day period. Thereafter, plaintiff properly filed its complaint to domesticate the Maryland judgment in New Jersey, attaching all requisite documents.

Contrary to the Estate's contention, a waiver hearing is not mandated prior to confessing judgment, so long as the waiver provisions are clear and unambiguous. See Billingsley v. Lincoln Nat'l Bank, 271 Md. 683, 693 ("Overmyer cannot be read to mandate a 'waiver hearing' prior to entry of a confessed judgment and, insofar as one may be required thereafter, it was

14

clearly available to [the] appellants at the hearing on their motion to vacate. No more is required.").

In this state action to domesticate the Maryland judgment, the Estate cannot now raise substantive claims collaterally attacking the enforceability of the cognovit provision or its voluntary acceptance, as these issues could and should have been presented in the Maryland post-judgment process. Sec. Ben. Life Ins., supra, 279 N.J. Super. at 424. Burnett was given notice of the judgment and had the right to petition the Maryland court to open, modify, or vacate that judgment if a valid basis to do so was presented. See Md. Rule 2-611(d). For reasons not disclosed, he chose not to do so.[2] Judge Scully's determination of the validity of Burnett's waiver to pre-judgment notice and declination to pursue post-judgment process must be upheld. Id. at 426 (barring a defendant from raising in an action to register a judgment "any of the issues that were, could[,] or should have been litigated in the [foreign] action" resulting in the judgment).

Finally, the Estate alleges New Jersey was an express forum set forth in the CSA, suggesting plaintiff "can neither delimit New Jersey's plenary jurisdiction nor its availability as a

---

[2] We note this record contains no facts to support the Estate's claim the Maryland court lacked personal jurisdiction to enter the judgment against Burnett.

forum for collateral attack when a foreign entity seeks to utilize New Jersey's jurisdiction for enforcement." The Estate is incorrect.

The terms of the parties' agreement designates New Jersey as a supplementary forum for "collection or enforcement action[s]" filed for domestication within its borders. As we noted, review of a domesticated foreign judgment by our courts is limited to whether the constitutional guarantee of notice and a hearing has been satisfied. See Sontaq, supra, 374 N.J. Super. at 537. Having answered that question in the affirmative, we reiterate "[t]he appropriate forum for a defendant to raise defenses to a claim is in the tribunal where the judgment was rendered." Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION