**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1949-16T2

BANK OF NORTH CAROLINA (BNC BANK)
AS SUCCESSOR IN INTEREST TO BEACH
FIRST NATIONAL BANK,

    Plaintiff-Respondent,

v.

LITCHFIELD DEVELOPMENT, LLC,

    Defendants,

and

GEORGE STEPHANIS,

    Defendant-Appellant.

_____

Submitted October 18, 2017 — Decided  November 16, 2017

Before Judges Fuentes, Koblitz and Suter.

On appeal from the Superior Court of New
Jersey, Law Division, Bergen County, DJ-
116272-16.

George Stephanis, appellant pro se.

Ferro Labella & Zucker, LLC, attorneys for
respondent (Russell T. Brown, of counsel and
on the brief; Bonnie C. Park, on the brief).

PER CURIAM

Defendant George Stephanis[1] appeals from a December 19, 2016 order denying reconsideration of an October 28, 2016 order rejecting defendant's objection to the domestication under New Jersey's Uniform Enforcement of Foreign Judgments Act, N.J.S.A. 2A:49A-1 to -33, (UEFJA) of a March 29, 2011 South Carolina judgment against defendant. We affirm. Although defendant appeals only the order denying reconsideration, we briefly review and affirm the underlying October 28 order as well.

In 2010, plaintiff Bank of North Carolina (BNC) filed an action in South Carolina against defendant and Litchfield, seeking repayment of a $2,500,000 commercial loan. Defendant had unconditionally guaranteed the loan.

A South Carolina Master-in-Equity issued an "Order and Judgment of Foreclosure and Sale" on March 29, 2011, containing in its caption the words "Deficiency Demanded," entering judgment against defendant under his guaranty for $3,073,714.86 plus 14% interest. The March 29 order and judgment also ordered the sale of property in Horry County, South Carolina, put up as collateral

---

[1] Litchfield Development, LLC (Litchfield) was not involved in the New Jersey litigation, and plaintiff does not claim to be owed money by the defunct company. We refer to Stephanis alone as defendant.

by Litchfield. Plaintiff purchased the property at a sheriff's sale for $909,695.

After the sale, the Master-in-Equity issued a June 15, 2011 "Master's Report on Sale, Order of Distribution, and Order Confirming Sale" containing in the caption the words "Deficiency Waived." Defendant argues that this June order conflicts with the March judgment, and thus the March judgment should not have been domesticated in New Jersey. Plaintiff argues that the judgment demanding the deficiency remains accurate with regard to defendant, the loan guarantor, while the June order waiving the deficiency relates to Litchfield, the mortgagor, alone. Plaintiff states that the waiver as to Litchfield sped up the process under South Carolina's foreclosure sale process.

Whether the South Carolina judgment "may be registered in New Jersey implicates the Full Faith and Credit clause of the United States Constitution, which mandates 'Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.'" Ewing Oil, Inc. v. John T. Burnett, Inc., 441 N.J. Super. 251, 259 (App. Div. 2015) (quoting U.S. Const. art. IV, § 1). "The clause requires a foreign judgment 'properly entered in accordance with local procedure is entitled to full faith and credit in any other state provided . . . the judgment is not entered in violation of due process of law.'"

<u>Ibid.</u> (quoting <u>Sec. Ben. Life Ins. Co. v. TFS Ins. Agency, Inc.</u>, 279 <u>N.J. Super.</u> 419, 424 (App. Div. 1995)).

The narrow issue on appeal is whether defendant raised due process issues appealable under the UEFJA, or instead made collateral attacks on the judgment that must be raised in South Carolina. Defendant does not argue on appeal that South Carolina lacked personal or subject matter jurisdiction, or failed to provide adequate notice and an opportunity to be heard. <u>See</u> <u>Sonntag Reporting Serv., Ltd. v. Ciccarelli</u>, 374 <u>N.J. Super.</u> 533, 538 (App. Div. 2005) (finding a foreign judgment is entitled to full faith and credit unless the defendant is denied one of these enumerated due process rights). We affirm substantially for the reasons expressed by Judge James J. DeLuca in the "riders" to the October 28, 2016 order and December 19, 2016 order denying reconsideration.

Defendant raised no specific reason why reconsideration was appropriate. "Motions for reconsideration are governed by <u>Rule</u> 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." <u>Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment</u>, 440 <u>N.J. Super.</u> 378, 382 (App. Div. 2015).

Reconsideration is appropriate in those limited number of cases where: "(1) the Court has expressed its decision based upon

a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (quoting Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div.), certif. denied, 174 N.J. 544 (2002)), certif. granted, 228 N.J. 516 (2017). A trial court's decision should be "left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc., supra, 440 N.J. Super. at 382 (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Judge DeLuca correctly rejected defendant's objection to domesticating the South Carolina judgment and did not abuse his discretion in denying defendant's motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1949-16T2