865 A.2d 747 (2005)
374 N.J. Super. 533
SONNTAG REPORTING SERVICE, LTD., Plaintiff-Appellant,
v.
Thomas CICCARELLI, Individually and d/b/a Schulman, Ciccarelli & Wiegmann, Defendant, and
Barry J. Wiegmann, Individually and d/b/a Schulman, Ciccarelli & Wiegmann, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 13, 2004.
Decided February 3, 2005.
*748 Wolff & Samson, West Orange, for appellant (Adam P. Friedman, of counsel and on the brief).
Lum, Danzis, Drasco & Positan, Roseland, for respondent Barry J. Wiegmann (Joseph M. Wenzel, of counsel and on the brief).
Before Judges A.A. RODRIGUEZ, CUFF and WEISSBARD.
The opinion of the court was delivered by
RODRÍGUEZ, A.A., P.J.A.D.
This appeal concerns the enforcement of a judgment entered by an Illinois court and docketed in New Jersey. We hold that the full faith and credit clause requires that R. 4:50-1(f), which permits relief from judgments for any reason justifying such relief, applies only to judgments entered by New Jersey courts and not those entered by courts in other states. We also hold that N.J.S.A. 2A:49A-27 does not apply to merit or substantive defenses to the judgment. These defenses must be raised in the forum state.
The facts are uncontroverted. Sonntag Reporting Service, LTD (Sonntag), appeals from an order vacating the docketing of an Illinois judgment, in the amount of $6,718.16, against Thomas Ciccarelli and Barry Wiegmann, individually and doing business as Schulman, Ciccarelli and Wiegmann, Certified Shorthand Reporters (SCW).[1] We reverse the order directing the Clerk of the Superior Court to vacate the docketing of the judgment.
Ciccarelli and Wiegmann were shareholders of SCW since 1994. In December 2000, Wiegmann sold all of his shares in SCW to Ciccarelli. The present dispute started in Illinois when Sonntag brought a breach of contract action against Ciccarelli, Wiegmann and SCW. Sonntag alleged that defendants failed to pay for court-reporting services. Although Wiegmann answered Sonntag's complaint, he subsequently failed to appear for a court-mandated arbitration, which was scheduled for September 27, 2001, two weeks after the World Trade Center attacks. The record does not disclose whether Wiegmann sought an adjournment of the arbitration hearing. Ciccarelli also failed to appear for the arbitration hearing. As a result, the court-appointed arbitrators awarded Sonntag $6,718.16. The Illinois court entered judgment by default in that amount against all defendants on November 28, 2001.
Contemporaneously, Wiegmann sued Ciccarelli in the Superior Court of New Jersey, Chancery Division, alleging that Ciccarelli had failed to remit full payment for the purchase of SCW shares. In addition, the complaint alleged that Ciccarelli had failed to satisfy several obligations, including the debt owed Sonntag that is *749 the subject of this appeal. Following an evidentiary hearing, the Chancery Division judge ordered on December 21, 2001, that Ciccarelli:
Shall assume any and all obligations and amounts due and owing from [SCW] to ... [Sonntag], and shall indemnify, defend and hold [Wiegmann] harmless against any and all claims, actions, proceedings, losses, liabilities and judgments incurred by or against [Wiegmann] in favor of ... Sonntag.
A copy of this judgment was forwarded to Sonntag's attorney in Illinois.
Sonntag caused the Illinois judgment to be docketed in New Jersey pursuant to the Uniform Enforcement of Foreign Judgments Act (UEFJ), N.J.S.A. 2A:49A-27. Wiegmann moved in the Law Division to vacate the docketed judgment, pursuant to R. 4:50-1, arguing that he was not liable to Sonntag based on the Chancery Division judgment ordering Ciccarelli to pay said obligation. Wiegmann also argued that the Illinois court should not have entered default judgment against him because (1) his litigation against Ciccarelli was ongoing; (2) he was no longer a shareholder of SCW; and (3) he had difficulty traveling to Illinois for the arbitration due to the World Trade Center attacks. Lastly, Wiegmann argued that the Illinois court had no basis upon which to pierce SCW's corporate veil and hold him personally liable.
Sonntag opposed the motion to vacate the docketing. The Law Division judge granted Wiegmann's motion and ordered the docketed judgment in New Jersey vacated. The judge concluded that Wiegmann had made "a meritorious application pursuant to N.J.S.A. 2A:49A-27," and found that R. 4:50-1(f), which permits a judgment to be vacated for any reason justifying relief, required vacation of the judgment in this case, particularly in light of the Chancery Divison's allocation of the Sonntag obligation to Ciccarelli.
On appeal, Sonntag contends that the judge erred by: refusing to afford the Illinois judgment full faith and credit; and granting the motion to vacate. We agree with these contentions and reverse.
The United States Constitution provides that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. See also 28 U.S.C.A. § 1738 (2004). Thus, absent a due process violation, a state must provide a sister state's judgment the same effect as would be provided in the state that rendered the judgment. Durfee v. Duke, 375 U.S. 106, 109-11, 84 S.Ct. 242, 244-45, 11 L.Ed.2d 186, 190-91 (1963); President & Dirs. of Bank of Ala. v. Dalton, 9 How. 522, 50 U.S. 522, 528, 13 L.Ed. 242, 245 (1850); First Wisconsin National Bank v. Kramer, 202 Ill.App.3d 1043, 148 Ill.Dec. 341, 560 N.E.2d 938, 941 (1990). The appropriate forum for a defendant to raise defenses to a claim is in the tribunal where the judgment was rendered. See Morris v. Jones, 329 U.S. 545, 552, 67 S.Ct. 451, 456, 91 L.Ed. 488, 496 (1947).
In accordance with the constitutional mandate, New Jersey courts will enforce the judgments entered by the courts of sister states unless there has been a denial of due process. These due process denials occur when "the rendering state 1) lacked personal jurisdiction over the judgment debtor, 2) lacked subject matter jurisdiction, [or] 3) failed to provide the judgment debtor adequate notice and an opportunity to be heard." Choi v. Kim, 50 F.3d 244, 248 (3d Cir.1995); see also Security Benefit Life Ins. Co. v. TFS Ins. Agency, 279 N.J.Super. 419, 423, 652 A.2d 1261 (App.Div.1995). Trial courts of sister states may inquire into defenses of lack of jurisdiction in the foreign court or fraud in *750 procurement of the judgment, provided that those issues have not been litigated in the forum court. Firstar Bank Milwaukee, NA v. Cole, 287 Ill.App.3d 381, 222 Ill.Dec. 796, 678 N.E.2d 668, 670 (1997). Therefore, absent such due process defenses, a litigation pursued to judgment in a sister state is conclusive of the rights of the parties in the courts of every state as though adjudicated therein. DeGroot, Kalliel, Traint & Conklin, P.C. v. Camarota, 169 N.J.Super. 338, 343, 404 A.2d 1211, 1213-14 (App.Div.1979). The doctrine of res judicata precludes raising anew any defenses that litigants could have raised in the forum state. Ibid.; Firstar, 222 Ill.Dec. 796, 678 N.E.2d at 670.
Applying these principles here, we conclude that the Law Division should have denied Wiegmann's motion. We note that Sonntag's right to seek payment from Wiegmann was litigated in Illinois. Wiegmann had notice of that litigation and an opportunity to be heard. Indeed, he filed pleadings contesting the claim. He chose not to appear at the arbitration hearing. The Illinois court did not preclude Wiegmann from asserting as defenses the same grounds that he asserts now, i.e., that Ciccarelli had assumed the Sonntag obligation, which was a corporate not a personal debt.
We reject the argument that R. 4:50-1 or N.J.S.A. 2A:49A-27 require vacating this judgment. R. 4:50-1 sets forth grounds upon which a judgment-debtor may seek relief from a final judgment. However, in light of the full faith and credit clause, we must draw a distinction between judgments entered by New Jersey courts and those of sister states. As the commentary to the Rule states:
This rule provides a mechanism for direct attack on a judgment or order entered by a court of this state. It does not provide a mechanism for collateral attack on a foreign judgment or order entitled to full faith and credit.
[Pressler, Current N.J. Court Rules, comment 1 on R. 4:50-1 (2005).]
Therefore, the provision of R. 4:50-1(f), which permits New Jersey courts to vacate a judgment for "any other reason justifying relief from the operation of the judgment," is limited to New Jersey judgments.
N.J.S.A. 2A:49A-27 is part of the UEFJ.[2] This section, which is similar to § 8 of the UEFJ, provides that a foreign judgment docketed in New Jersey "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the Superior Court of this State and may be enforced in the same manner." Wiegmann contends that this statute permits the reopening of a foreign judgment in order to raise any defense. However, the UEFJ was designed merely as a facilitating device and was not intended to alter any substantive rights of the parties in an action for enforcement of a foreign judgment. Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc., 123 Md.App. 498, 719 A.2d. 993, 996 (Spec.App.1998), affd, 356 Md. 542, 741 A.2d 462 (1999). Therefore, the constitutional right of a judgment creditor to enforcement of the judgment in a sister state, as guaranteed by the full faith and credit clause, is not curtailed by operation of N.J.S.A. 2A:49A-27.
We conclude that, to the extent N.J.S.A. 2A:49A-27 suggests that New Jersey courts can vacate a foreign judgment on the same grounds as a New Jersey judgment, it is inconsistent with the full faith *751 and credit clause. However, we construe the language of N.J.S.A. 2A:49A-27 as being harmonious with the full faith and credit clause.
The focus of the UEFJ is the enforcement of judgments. Thus, it applies to defenses to the enforcement of a foreign judgment, i.e., accord, satisfaction, release, voidness, or discharge. Consistent with N.J.S.A. 2A:49A-27, the same principles and procedures are used to apply these defenses to the enforcement of New Jersey and foreign judgments. However, merit or substantive defenses, i.e., those that could have been raised prior to entry of judgment, are not addressed by N.J.S.A. 2A:49A-27. Litigants seeking to assert merit defenses, other than due process defenses, must do so in the forum state.
Here, Wiegmann should have asserted the defenses he is currently raising in Illinois prior to the entry of the judgment. The New Jersey courts must enforce the now-domesticated Illinois judgment. At this time, Wiegmann's sole recourse is pursuant to the Illinois equivalent of our rule governing relief from judgment or order. See 735 Ill. Comp. Stat. Ann. 5/2-1401.
The courts of sister states have interpreted the UEFJ in a similar manner. See, Practice Mgmt. Assoc., Inc. v. Thurston, 225 Ill.App.3d 470, 167 Ill.Dec. 767, 588 N.E.2d 408, 410 (1992) (holding that judgment debtor may not defend against foreign judgment sought to be enforced in Illinois on grounds which could have been presented to court in which judgment was rendered), appeal denied, 145 Ill.2d 643, 173 Ill.Dec. 13, 596 N.E.2d 637 (1992); Rosenstein v. Steele, 103 Nev. 571, 747 P.2d 230, 232 (1987) (holding that defenses for judgment debtor are limited to those defenses that judgment debtor may constitutionally raise under full faith and credit clause that are directed to validity of foreign judgment); State Dept. of Health and Welfare, Bureau of Child Support Enforcement v. Holjeson, 42 Wash.App. 69, 708 P.2d 661, 664 (1985) (holding that in Washington, a judgment debtor may not raise any defenses which could have been raised during trial of the original action, but may only assert those defenses which destroy the full faith and credit obligations), review denied, 105 Wash.2d 1005 (1986); WellTech, Inc. v. Abadie, 666 So.2d 1234, 1236 (La.Ct.App.1996) (holding that defenses available in action to enforce foreign judgment include lack of personal or subject matter jurisdiction of rendering court, extrinsic fraud in procurement of the judgment, satisfaction, lack of due process, or other grounds that make judgment invalid or unenforceable; however, nature, amount or other merits of the judgment may not be relitigated), writ denied, 672 So.2d 690 (La.1996), and writ denied 712 So.2d 864 (La.1998).
The order vacating the judgment is reversed.
NOTES
[1] "Schulman, Ciccarelli & Wiegmann" is not a partnership, but a New Jersey corporation.
[2] N.J.S.A. 2A:49A-1 to -33. Unif. Enforc. of Foreign Judgments Act 1964 §§ 1-10, 13 U.L.A. 160-245 (2004).