**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3346-18T4

NATIONAL RECORD
RETRIEVAL,

     Plaintiff-Respondent,

v.

CLARK LAW FIRM, PC,
d/b/a CLARK LAW FIRM,
d/b/a CLARK LAW,

     Defendant-Appellant.

_____

        Submitted January 27, 2020 - Decided March 6, 2020

        Before Judges Rothstadt and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DJ-059920-18.

        Clark Law Firm, PC, attorneys for appellant (Mark W. Morris, of counsel and on the briefs).

        Bressler-Duyk, attorneys for respondent (David Stuart Bressler, on the brief).

PER CURIAM

Defendant, Clark Law Firm, P.C. d/b/a Clark Law Firm, d/b/a Clark Law, a New Jersey law firm, appeals from four orders entered by the Law Division rejecting its efforts to vacate a judgment for funds allegedly due from defendant to plaintiff, National Record Retrieval, LLC. Plaintiff filed suit in Indiana, obtained a default judgment against defendant in the amount of $14,641.55 and domesticated it in New Jersey under the Uniform Enforcement of Foreign Judgments Act (UEFJA), N.J.S.A. 2A:49A-25 to -33. The first of two orders entered on September 21, 2018, denied defendant's motion to vacate the judgment and, in the second order, permitted the turnover of funds levied on by the sheriff to satisfy the judgment. On November 8, 2018, the motion judge entered an order denying a motion to reconsider, and on March 1, 2019, he denied another motion to reconsider, this time as to the November 8, 2018 order.

On appeal, defendant contends that the motion judge improperly applied the law by barring defendant from collaterally attacking the foreign judgment based upon a claim that Indiana lacked personal jurisdiction over defendant, rendering the judgment void. For that reason, defendant contends that the levied funds should be returned "[p]ending the [o]utcome of this [m]atter." We reverse because we conclude that contrary to the motion judge's view, defendant was entitled to challenge Indiana's jurisdiction over defendant in this action.

The facts are generally undisputed and are summarized as follows. Defendant hired plaintiff to secure medical records for defendant and its clients. A dispute between the parties arose when defendant determined that the amounts claimed to be due by plaintiff were the result of alleged fraudulent billing practices. When defendant failed to pay outstanding invoices, plaintiff sued in Indiana for the unpaid amounts. Defendant, who alleges it has no ties to Indiana, attempted to file a motion for dismissal in that state, but the court there, according to defendant, rejected the motion because it was not properly electronically filed. While defendant was allegedly trying to remedy the problem, it received notice that a default judgment was entered against it on April 9, 2018.

Plaintiff domesticated the judgment in New Jersey, and upon notice of that action, defendant moved to vacate the judgment based on lack of jurisdiction, which the motion judge denied. There was no written or oral decision supporting the order or for the order entered on the same day directing the turnover of the funds levied upon in defendant's bank account.

Defendant filed its first motion for reconsideration, which, according to defendant, was originally scheduled for oral argument. However, at plaintiff's

3

request it was adjourned. Despite the adjournment, a notice from the court advised that oral argument would not be considered on the return date.

On November 8, 2018, the motion judge entered an order denying defendant's motion. That order was accompanied by a written decision, which contained a notation that neither party appeared at the scheduled oral argument. In his written decision, the judge considered the motion under Rule 4:50-1. The court held that there was no showing of exceptional circumstances or excusable neglect under Rule 4:50-1(a), explaining why defendant's opposition to the complaint in Indiana was not filed properly.

Defendant filed another motion for reconsideration and oral argument was scheduled for February 21, 2019. In arguing the motion, defendant attempted to explain to the judge that in relation to foreign judgments, it had the right to challenge Indiana's jurisdiction in this New Jersey action without meeting the requirements of Rule 4:50-1(a) (authorizing vacating of a judgment where either "mistake, inadvertence, surprise or excusable neglect" is established). The judge rejected the argument, essentially repeating the contents of his earlier written decision, maintaining his reliance on Rule 4:50-1(a), and holding that defendant failed to meet the requirements for reconsideration. This appeal followed.

A-3346-18T4

On appeal defendant argues that it was entitled to challenge Indiana's alleged jurisdiction in this action without establishing excusable neglect. We agree.

This issue requires legal determinations subject to our de novo review. In doing so, we do not defer to "[a] trial court's interpretation of the law and the legal consequences that flow from established facts." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (alteration in original) (quoting City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010)).

The issue of whether the Indiana judgment registered in New Jersey should be enforced is implicated by the Full Faith and Credit clause of the United States Constitution. It mandates that "[f]ull [f]aith and [c]redit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Any judgment that is properly executed in a foreign state and does not violate the due process clause "is entitled to full faith and credit" in New Jersey. In re Triffin, 151 N.J. 510, 524 (1997). For that reason, a valid foreign judgment is not subject to collateral attack under Rule 4:50-1(a). See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:50-1 (2020).

"[T]he UEFJA . . . is this state's selected mechanism 'for discharging its Full Faith and Credit obligations' under U.S. Const. art. IV, § 1." Maine v. SeKap, S.A. Greek Coop. Cigarette Mfg. Co., S.A., 392 N.J. Super. 227, 235 (App. Div. 2007) (quoting Singh v. Sidana, 387 N.J. Super. 380, 382 (App. Div. 2006)). Since

> [t]he statute was designed "merely as a facilitating device and was not intended to alter any substantive rights of the parties in an action for enforcement of a foreign judgment, . . . merit or substantive defenses," which could have been raised in the foreign state, must be raised in that state's proceedings and cannot be used to collaterally attack the domesticated New Jersey judgment.
>
> [Ibid. (citation omitted) (quoting Sonntag Reporting Serv. Ltd. v. Ciccarelli, 374 N.J. Super. 533, 540 (App. Div. 2005)).]

A "judgment for which full faith and credit is sought must itself be valid, that is, it must be issued by a court of competent jurisdiction in possession of valid personal jurisdiction over the defendant." McKesson Corp. v. Hackensack Med. Imaging, 197 N.J. 262, 275 (2009). However, foreign judgments, entered without providing the required constitutional protections safeguarded by the Fourteenth Amendment of the United States Constitution and the fundamental rights clause of Article 1, paragraph 1 of the New Jersey Constitution, may not be enforced. See, e.g., Greenberg v. Kimmelman, 99 N.J. 552, 568 (1985)

("[A]rticle 1, paragraph 1, like the [F]ourteenth [A]mendment, seeks to protect against injustice and against the unequal treatment of those who should be treated alike. To this extent, [A]rticle 1 safeguards values like those encompassed by the principles of due process and equal protection."). "These due process denials occur when 'the rendering state 1) lacked personal jurisdiction over the judgment debtor, 2) lacked subject matter jurisdiction, [or] 3) failed to provide the judgment debtor adequate notice and an opportunity to be heard.'" Sonntag, 374 N.J. Super. at 538 (alteration in original) (quoting Choi v. Kim, 50 F.3d 244, 248 (3d Cir. 1995)).

Such judgments are subject to collateral attack asserting they are void and do not implicate a requirement under Rule 4:50-1(a) that a defendant demonstrate excusable neglect for not having asserted the defense in the foreign state. See M&D Assocs. v. Mandara, 366 N.J. Super. 341, 352-54 (App. Div. 2004) (addressing a foreign judgment where there was no service of process); see also Pressler & Verniero, cmt. 5.4.1 on Rule 4:50-1. ("A judgment, including a foreign judgment, which is void may also be collaterally attacked."). A foreign "judgment debtor may raise 'due process defenses' in any enforcement action in New Jersey under the UEFJA." SeKap, 392 N.J. Super at 235 (quoting Sonntag, 374 N.J. Super. at 540).

"When viewed through the prism of due process protections, a foreign judgment will not be entitled to full faith and credit in New Jersey if a defendant can demonstrate the forum state lacked personal or subject matter jurisdiction . . . ." Ewing Oil, Inc. v. John T. Burnett, Inc., 441 N.J. Super. 251, 260 (App. Div. 2015): see also Tara Enter., Inc. v. Daribar Mgmt. Corp., 369 N.J. Super. 45, 56 (App. Div. 2004). Where there is no jurisdiction "the judgment is absolutely void and of no legal effect for any purpose," Garza v. Paone, 44 N.J. Super. 553, 557 (App. Div. 1957); see also Berger v. Paterson Veterans Taxi Serv., 244 N.J. Super. 200, 204 (App. Div. 1990), and may be collaterally attacked for that reason under Rule 4:50-1(d) (authorizing relief from judgment where it is void).

"When a defendant asserts lack of personal jurisdiction, 'the plaintiff bears the burden of demonstrating that the defendant's contacts with the forum state are sufficient to confer personal jurisdiction on the court.'" SeKap, 392 N.J. Super. at 243 (quoting Jacobs v. Walt Disney World, 309 N.J. Super. 443, 454 (App. Div. 1998)). Such challenges may be resolved on properly filed affidavits and certifications or, if necessary, through "oral testimony, depositions and cross-examination when affidavits do not suffice." Ibid. The trial court must consider the evidence to ensure that the foreign judgment was "issued by a court

of competent jurisdiction in possession of valid personal jurisdiction over the defendant[s]." McKesson Corp., 197 N.J. at 275.

Here, the motion judge treated defendant's applications as attacks on the merits of the judgment, seeking to vacate under Rule 4:50-1(a), rather than permissible challenges to Indiana's jurisdiction. The judge's ruling was contrary to our holding in Sonntag that when "construed [together,] N.J.S.A. 2A:49A-27 and [Rule] 4:50-1(f) permit a collateral challenge in New Jersey to a domesticated foreign judgment only on due process grounds." SeKap, 392 N.J. Super. at 241 (quoting Sonntag, 374 N.J. Super. at 539); see also Ewing Oil, Inc., 441 N.J. Super. at 256 (affirming denial of a motion to vacate under Rule 4:50-1(d) on a foreign judgment entered based upon a confessed judgment because defendant failed to establish, among other things, a valid due process argument).

Under these circumstances, we are constrained to reverse the orders denying reconsideration, vacate the order denying defendant relief from the foreign judgment, as well as the order for turnover, remand for a determination of the dispute about jurisdiction and, if necessary, a plenary hearing to resolve the issue preceded by discovery.

Reversed in part; vacated and remanded in part for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3346-18T4