**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2075-19

MICHAEL BALICE,

    Plaintiff-Appellant,

and

ROSEWATER TRUST,

    Plaintiff,

v.

AVS PROPERTIES, LLC,

    Defendant-Respondent,

_____

RONALD OTTAVIANO, Trustee,
and ROSEWATER TRUST,

    Plaintiffs,

and

MICHAEL BALICE,

    Plaintiff-Appellant,

v.

AVS PROPERTIES, LLC

     Defendant-Respondent.

_____

Submitted April 19, 2021 – Decided August 4, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket Nos. C-000001-19 and C-000165-18.

Michael Balice, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Plaintiff Michael Balice appeals from a December 10, 2019 Chancery Division order dismissing without prejudice his complaints against defendant AVS Properties, LLC (AVS). Plaintiff seeks declaratory and injunctive relief and damages relating to the court-ordered public auction of a house in Metuchen that was owned by Rosewater Trust and in which Balice resided as a tenant. AVS was the winning bidder at the public auction and was not involved in the federal tax litigation that led to the court-ordered sale. We affirm the dismissal of the complaints against AVS substantially for the reasons patiently explained by the Chancery judge on the record.

A-2075-19

The litigation involving the Metuchen home is protracted and this appeal comes to us by a circuitous route. We discern the following facts and procedural history from the record before us, which includes a detailed written opinion rendered on July 15, 2019 by a United States District Court judge. Ottaviance v. AVS Props., LLC, No. 18-CV-16429 (D.N.J. 2019). In 2014, the Internal Revenue Service (IRS) brought a federal tax collection action against Balice and his former spouse. United States v. Balice, No. 14-CV-3937 (D.N.J. 2014). The IRS reduced to judgment the overdue tax liability against the Balices. The United States District Court found that Rosewater Trust—the nominal owner of the Metuchen property—was Balice's nominee or alter ego. The federal judge issued an order directing Balice to vacate the premises and authorizing the IRS to sell the property at public auction. AVS Properties submitted the winning bid. The federal judge confirmed the sale and directed the distribution of the proceeds, applying a portion to plaintiff's unpaid tax liabilities. The federal judge also directed the United States government to convey the real property to AVS by deed.

Balice thereafter filed a series of motions in federal court that argued, inter alia, that the federal income tax is unconstitutional. The federal judge issued fifteen decisions rejecting those motions. A federal Magistrate judge issued nine

A-2075-19

similar decisions. Balice appealed all twenty-four decisions, which were subsequently affirmed by the Third Circuit Court of Appeals in a single consolidated opinion. United States v. Balice, No. 17-3134 (3d Cir. 2017).

Balice also filed a state court action in Superior Court, Middlesex County, to prevent the sale of the home and enforcement of the federal court judgment. The complaint was brought against the United States, the U.S. Attorney General, two IRS agents, and the District Court judge who ordered the sale of the property. That action was removed to federal court pursuant to 28 U.S.C. §1442(a)(1). Balice v. United States, No. 17-CV-13601 (D.N.J. 2017). The complaint was dismissed with prejudice based on sovereign and judicial immunity and again affirmed by the Third Circuit. Balice v. United States, 763 F. App'x 154 (3d Cir. 2019).

Thereafter, Balice filed a second complaint in state court that was substantively identical to the first state-court complaint. This second complaint also was removed to federal court and subsequently dismissed. Balice v. United States, No. 17-CV-10291 (D.N.J. 2017). Balice then filed for bankruptcy and sought to discharge the tax debt by filing a series of motions. The bankruptcy case was dismissed without discharge. In re Balice, No. 17-32967 (Bankr. D.N.J. 2017).

A-2075-19

In August 2018, Balice filed a third state-court suit, again attacking the basis of the underlying federal tax action. The third complaint once again mirrored the allegations and claims made in the two prior state-court complaints. The third action also was removed to federal court and dismissed. Balice v. United States, No. 18-CV-13560 (D.N.J. 2018).

Balice and Rosewater Trust next filed a complaint against AVS seeking declaratory and injunctive relief and a complaint seeking damages. This time, plaintiff did not name federal agencies as defendants. Plaintiff alleges that AVS committed an "unlawful . . . invasion of the plaintiff's . . . property." Plaintiff contends AVS violated several New Jersey statutes and the New Jersey Constitution in seeking to enforce the foreign judgment—that is, the federal court orders that directed the sale of the property and directed the United States government to convey the property to AVS.

The complaints against AVS were first heard in federal court. As noted, the United States government was not named as a defendant but moved to intervene and dismiss the complaint. Plaintiff moved to remand the matter to state court. The federal judge granted plaintiff's motion to remand the case to the New Jersey Superior Court, rendering moot the federal government's

5

motions to intervene and dismiss the complaint. Ottaviance, No. 18-16429 (slip op. at 3).

AVS did not respond to the complaint in Superior Court and plaintiff moved for default judgment. That motion was heard at a proof hearing before the Chancery judge on November 7, 2019. The Chancery judge ruled the complaints against AVS are without merit. We agree.

Although the complaints at issue in this appeal are couched in terms of AVS's unlawful invasion of plaintiff's property rights, the true gist of plaintiff's contention is a collateral attack against the sale of the Metuchen property that had been ordered by the federal court. As the federal judge aptly noted in his written opinion, "[a]lthough the complaint is brought against AVS, it actually says very little about any supposedly wrongful conduct by that entity. Rather, the alleged wrongdoing is attributed to the [United States] Government's conduct in the underlying tax action in connection with its efforts to collect on Balice's unpaid income tax liabilities."

The Chancery judge reached the same conclusion. We note that plaintiff's counsel at the November 7, 2019 hearing acknowledged that the gravamen of the complaints is that the Metuchen property should not have been sold at auction. Counsel argued the order to sell the property was made "under false

pretenses." The Chancery judge asked counsel, "You're arguing that the federal district court erred in granting the order [to sell the property at public auction], right?" Counsel replied, "Fundamentally, yes."

Relatedly, Balice's testimony at the hearing focused on misconduct by United States government officials, not by AVS. Balice claimed, for example, IRS "forged liens" and the United States Attorney "hid evidence." He also claimed at the hearing that, "The [United States District Court] judge is getting paid off from the IRS and press fund. He's not going to do anything. He's just trying to make some money."

Plaintiff's reliance on the Uniform Enforcement of Foreign Judgments Act, N.J.S.A. 2A:49A-25 to -33, is misplaced and unavailing. N.J.S.A. 2A:49A-27 provides,

> A copy of any foreign judgment[1] authenticated in accordance with an act of Congress or the statutes of this State may be filed in the office of the Clerk of the Superior Court of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the Superior Court of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses[,] and proceedings for reopening,

---

[1] The term "foreign judgment" means "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this State." N.J.S.A. 2A:49A-26.

A-2075-19

vacating, or staying as a judgment of a Superior Court of this State and may be enforced in the same manner.

The general rule in applying N.J.S.A. 2A:49A-27 is that a litigant seeking to assert merit or substantive defenses against a foreign judgment must do so in the forum jurisdiction.  See Sonntag Rep. Serv., Ltd. v. Ciccarelli, 374 N.J. Super. 533, 535 (App. Div. 2005).  There is an exception, however, when the litigant claims that his or her due process rights were violated in the forum jurisdiction.  In Sonntag, we explained,

> In accordance with the constitutional [Full Faith and Credit] mandate, New Jersey courts will enforce the judgments entered by the courts of sister states unless there has been a denial of due process. These due process denials occur when "the rendering state 1) lacked personal jurisdiction over the judgment debtor, 2) lacked subject matter jurisdiction, or 3) failed to provide the judgment debtor adequate notice and an opportunity to be heard."  Choi v. Kim, 50 F.3d 244, 248 (3d Cir. 1995); see also Security Benefit Life Ins. Co. v. TFS Ins. Agency, 279 N.J. Super. 419, 423 (App. Div. 1995).  Trial courts of sister states may inquire into defenses of lack of jurisdiction in the foreign court or fraud in procurement of the judgment, provided that those issues have not been litigated in the forum court. Firstar Bank Milwaukee, NA v. Cole, 678 N.E.2d 668, 670 (1997).
>
> [Id. at 538 (emphasis added).]

We do not doubt that plaintiff's claims of government misconduct and corruption in the federal tax litigation, if true, would constitute both fraud in

procurement of the judgment and a deprivation of due process. Those claims, however, were litigated and repeatedly rejected in federal courts—that is, the forum jurisdiction. In these circumstances, we do not read N.J.S.A. 2A:49A-27 to require the Chancery court to decide, for example, whether the IRS forged liens, the United States Attorney's Office hid evidence, or the United States District Court judge was "paid off" by the IRS. We stress that plaintiff in his latest complaints made a strategic decision not to name federal government officials as defendants, naming only the entity that submitted the winning bid at the court-ordered public auction. We believe the Uniform Enforcement of Foreign Judgments Act does not contemplate that in these unusual circumstances, AVS should be expected to re-litigate plaintiff's government-conspiracy allegations in a state court proceeding to enforce the federal judgment. Accordingly, the complaints against AVS at issue in this appeal were properly dismissed.

To the extent we have not addressed them, any remaining arguments raised by plaintiff lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION