**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1207-20

DIANA MEY,

     Plaintiff,

v.

ENVIRONMENTAL
SAFETY INTERNATIONAL,
INC., a/k/a SEPTIC SAFETY,
a/k/a ACTIVATOR 1000, and
JOSEPH M. CARNEY,

     Defendants-Appellants,

and

JOE REED,

     Defendant.

_____

JAMES E. SHELTON,

     Respondent.

_____

Submitted October 20, 2021- Decided November 10, 2021

Before Judges Hoffman and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3360-20.

Freeman Mathis & Gary, LLP, attorneys for appellants (Paul Piantino, III, and Christopher Donnelly, on the briefs).

James E. Shelton, respondent pro se.

PER CURIAM

Defendants Environmental Safety, International, Inc. and Joseph M. Carney appeal from the August 27, 2020 order denying defendants' motion to vacate and the September 16, 2020 order denying defendants' motion for reconsideration. This matter stems from a foreign judgment entered against defendant Carney in the United States District Court for the Northern District of West Virginia. Defendants argue before us, as they did to the trial court, that service was insufficient, and therefore the foreign judgment was void and should have been vacated. We vacate and remand for further proceedings consistent with our opinion.

In the West Virginia action, plaintiff Diana Mey alleged that defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the West Virginia Consumer Credit and Protection Act (WVCCPA), W.V.C. § 46A-6F-601, and W.V.C. § 61-3C-14a. Namely, plaintiff alleged that

defendants made unsolicited telemarketing calls to her despite her status on the National Do Not Call Registry.

In January 2017, plaintiff contacted defendant Carney via mail, sent to 43 Industrial Ave., Fairview, New Jersey 07022 and PO Box 397, Fairview, New Jersey 07022, informing him that she received "anonymous unsolicited prerecorded calls" from Environmental Safety, International, Inc.  Plaintiff alleged these calls violated the TCPA and requested $17,000 to settle the claim; in response, defendants offered $1,500, which plaintiff rejected.

In October 2018, plaintiff filed a complaint against defendants in the United States District Court for the Northern District of West Virginia, alleging statutory do-not-call violations.  Both the summons and the complaint were sent to 20 Appletree Lane in Hillsdale (the Appletree Lane address), an address that defendant Carney claims was "defunct" by then and not in use for a "number of years."  Defendant Carney filed a pro se answer to plaintiff's complaint; in his first affirmative defense, he claimed that plaintiff failed to properly serve process and that the court lacked jurisdiction.  Defendant Carney maintains that he was able to file a pro se answer because he was in "constant communication" with plaintiff at his actual address, despite not receiving the summons and complaint filed by plaintiff.

A-1207-20

In November 2019, plaintiff filed a motion for summary judgment.  The District Court issued a Roseboro notice to defendant Carney via certified mail to provide notice that a summary judgment motion had been filed. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (holding that, before entering summary judgment against a pro se party, the Court must provide the party with fair notice of the requirements of the summary judgment rule).  The notice was sent to the same address where the summons and complaint were served: the Appletree Lane address.  On December 30, 2019, the post office returned the Roseboro notice to the District Court, marked "unclaimed" and "unable to forward."

Notwithstanding the return of the Roseboro notice as undelivered, on January 16,  2020, the District Court entered an order granting plaintiff's motion for summary judgment.  In its order, the court acknowledged that the Roseboro notice "was returned as undeliverable."  Nevertheless, the District Court entered judgment in favor of plaintiff against defendant Carney in the amount of $23,171.36; that same day, the judgment was sent by certified mail to the Appletree Lane address.  On February 4, 2020, the certified mailing was returned to the District Court, marked "refused."

In March 2020, plaintiff assigned her judgment to James E. Shelton (judgment creditor).  In May 2020, pursuant to the Uniform Enforcement of

4

Foreign Judgments Act (UEFJA), N.J.S.A. 2A:49A-25 to -33, the foreign judgment was recorded with the Superior Court of New Jersey, Law Division, Bergen County; the Superior Court Clerk served a Notice of Judgment Debtor to defendant Carney at the Appletree Lane address, advising him of the foreign judgment entered against him. Once defendants eventually received notice of the domesticated judgment, they filed a motion to vacate the docketed judgment in the Law Division, moving to collaterally attack the judgment due to insufficient service of process.

On August 27, 2020, the motion judge ruled that "New Jersey is not the proper venue for this matter," under N.J.S.A. 2A:49-25 and Rule 4:4-4, and entered an order denying defendants' motion to vacate. Defendants filed a motion for reconsideration, which the judge denied. The judge reconfirmed his previous ruling that "[d]efendants' due process rights were not violated, and judgment was properly entered in the District Court. This [c]ourt is not the proper venue for [d]efendants to raise defenses to the West Virginia matter."

On appeal, defendants argue that service of process in the West Virginia action was insufficient, and that they were deprived of due process. Defendants similarly argue that they did not receive the Roseboro Notice and therefore lacked adequate notice and an opportunity to be heard. They note that foreign

A-1207-20

judgments are not enforceable in New Jersey where there has been a denial of due process.

The United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art IV, § 1. A state must therefore enforce the judgment of a sister state "if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment[.]" Baker v. Gen. Motors Corp., 522 U.S. 222, 233 (1998). However, the requirements of the Full Faith and Credit Clause are predicated upon the judgment debtor having been afforded due process in the forum state. Sonntag Reporting Servs., Ltd. v. Ciccarelli, 374 N.J. Super. 533, 538 (App. Div. 2005).

When a party obtains a judgment in another state, he or she may domesticate the judgment in New Jersey pursuant to the UEFJA to facilitate its enforcement. N.J.S.A. 2A:49A–25 to –33. Through this process, New Jersey discharges its obligation to give full faith and credit to judgments entered in other states. Maine v. SeKap, S.A. Greek Coop. Cigarette Mfg. Co., S.A., 392 N.J. Super. 227, 235 (App. Div. 2007) (quoting Singh v. Sidana, 387 N.J. Super. 380, 382 (App. Div. 2006), certif. denied, 189 N.J. 428 (2007)). Domestication of a foreign judgment, however, is not an opportunity

A-1207-20

to collaterally attack the foreign judgment, except in limited circumstances, such as the denial of due process in the state issuing the judgment. McKesson Corp. v. Hackensack Med. Imaging, 197 N.J. 262, 275 (2009).

A denial of due process occurs when "'the rendering state 1) lacked personal jurisdiction over the judgment debtor, 2) lacked subject matter jurisdiction, [or] 3) failed to provide the judgment debtor adequate notice and an opportunity to be heard.'" Sonntag Reporting Servs., Ltd., 374 N.J. Super. at 538 (quoting In Sik Choi v. Kim, 50 F.3d 244, 248 (3d Cir. 1995)); McKesson, supra, 197 N.J. at 275. "[A]bsent such due process defenses, a litigation pursued to judgment in a sister state is conclusive of the rights of the parties in the courts of every state as though adjudicated therein." Sonntag, supra, 374 N.J. Super. at 538 (citing DeGroot, Kalliel, Traint & Conklin, P.C. v. Camarota, 169 N.J. Super. 338, 343 (App. Div. 1979)).

Here, a remand is necessary, as the trial court failed to fully consider whether defendants were properly served in the West Virginia action; therefore, it likewise failed to consider whether defendants were afforded due process. In defendant Carney's sworn certification, he stated that, although he owned the Appletree Lane property, the address "ha[d] not been [his] residence for a number of years."

A-1207-20

Fed. R. Civ. P. 4(h) governs service of out-of-state defendants in federal court and provides:

> **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation . . . must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . .

In turn, Fed. R. Civ. P. 4(e) provides:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;

A-1207-20

> (B) leaving a copy of each at the individual's
>     dwelling or usual place of abode with
>     someone of suitable age and discretion who
>     resides there; or
>
> (C) delivering a copy of each to an agent
>     authorized by appointment or by law to
>     receive service of process.

Considering Fed. R. Civ. P. 4(e)(1) allows for service of process by "following state law . . . in the state where service [was] made," we look to our New Jersey Rules of Court. Rule 4:4-4(b)(1) provides that personal jurisdiction can be obtained by:

> (C) mailing a copy of the summons and complaint by
>     registered or certified mail, return receipt requested,
>     and, simultaneously, by ordinary mail to:
>
> (1) a competent individual of the age of 14 or over,
>     addressed to the individual's dwelling house or usual
>     place of abode;
>
>     . . . .
>
> (3) a corporation, partnership or unincorporated
>     association that is subject to suit under a recognized
>     name, addressed to a registered agent for service, or to
>     its principal place of business, or to its registered
>     office. . . .

The record reveals that in the West Virginia action, service of process was sent by mail. Thus, only our Rules of Court govern, as the Federal Rules of Civil Procedure do not expressly permit service by mail. Although the summons and complaint were sent by mail, it is unknown whether Rule 4:4-4(b)(1)(C) was satisfied. As noted, defendant Carney certified that the Appletree Lane address "has not been [his] residence for a number of years." Therefore, the record does not show that the Appletree Lane address was defendant Carney's "dwelling house or usual place of abode" or that the Appletree Lane address was the principal place of business or registered office for Environmental Safety, International, Inc. In addition, the record is insufficient to determine whether defendant Carney waived his due process claim by filing an answer, despite the answer containing an affirmative defense contesting the sufficiency of service of process.

We further conclude that the motion judge did not sufficiently address the fact that the Roseboro Notice, issued by the District Court in West Virginia, was returned to the court as "undeliverable." The Roseboro Notice, as mandated by the Fourth Circuit Court of Appeals, requires federal courts within the Circuit to inform a pro se litigant of his or her obligation to respond to a motion for summary judgment. The return of the notice as "undeliverable" constitutes

10

evidence that defendants never received it. If so, defendants were arguably denied adequate notice and an opportunity to be heard. A remand is thus necessary for the motion judge to fully consider whether defendants were denied adequate notice, an opportunity to be heard, and ultimately due process. While the judge cannot vacate the default judgment obtained in West Virginia, the judge is empowered to vacate the domesticated New Jersey judgment under the UEFJA if defendants demonstrate they were denied due process. State of Maine v. SeKap, S.A. Greek Co-op. Cigarette Mfg. Co., S.A., 392 N.J. Super. 227, 235-36 (App. Div. 2007) (remanding to the trial court for a hearing on the judgment debtor's due process challenge).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1207-20